**Gwendolyn L. GOSHORN,**
**Plaintiff–Appellant,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION,**
**Defendant–Appellee.**

No. 01–3740.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

BATCHELDER, Circuit Judge.

Gwendolyn Goshorn appeals the district court's order granting summary judgment to the Ohio Department of Transportation ("ODOT") on her claims of gender discrimination in her employment in violation of Title VII, 42 U.S.C. § 2000e *et seq.*[1] Goshorn contends that the district court erred in finding that no genuine issue of material fact remains for trial; in holding that the continuing violation doctrine does not apply to her claims; in finding that ODOT did not commit any equal pay violation; and in failing to view the record evidence in the light most favorable to her.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, we AFFIRM on the basis of the district court's thorough and well-reasoned opinion.

We think it prudent, however, to note that after the district court granted summary judgment, the Supreme Court issued its opinion in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (June 10, 2002), in which the Court explicitly refused to permit the continuing violation doctrine to be used to preserve claims for discrete acts of employment discrimination as to which no timely EEOC charge had been filed. *Id.* at ——, 122 S.Ct. at 2073. Goshorn's claim that she was denied the Personnel Officer 3 position because of her gender is a wholly new claim of a discrete

---

1. Goshorn's brief on appeal states that she raised in her complaint an equal pay claim "pursuant to 28 U.S.C. § 1132." We have no notion what she means by this. We do note that her complaint alleges an equal pay claim pursuant to Title VII.

and entirely separate act of discrimination. The district court correctly held that it cannot be considered to be a claim reasonably expected to grow out of the charge as to which Goshorn did file a timely EEOC claim. And it is undisputed that Goshorn did not file an EEOC charge with regard to the Personnel Officer 3 position. We therefore affirm on the basis of *Morgan*, and not for the reasons stated by the district court, the court's refusal to apply the continuing violation doctrine to Goshorn's claim of gender discrimination with regard to the Personnel Officer 3 position.